IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HANCOCK WHITNEY BANK,**      ) | |
|        ) | |
|     **Plaintiff,**      ) | |
|        ) | |
| v.      ) | CIVIL ACTION 21-0015-WS-B |
|        ) | |
| **KENNETH L. NORRIS d/b/a**      ) | |
| **NORRIS IMAGING,**      ) | |
|        ) | |
|     **Defendant.**      ) | |

**ORDER**

This matter comes before the Court on plaintiff's Motion for Summary Judgment (doc. 11), supported by an accompanying memorandum of law and exhibits. Defendant has neither responded to nor otherwise acknowledged the Motion, and the time allotted by the relevant briefing schedule (doc. 12) for him to do so has expired; therefore, the Motion is now ripe.[1]

**I.     Background.**

Plaintiff, Hancock Whitney Bank ("Hancock"), brought this straightforward collection action against defendant, Kenneth L. Norris. In a pair of breach-of-contract claims, Hancock alleged that Norris had defaulted on a loan under the terms of a promissory note executed in

---

[1]     Defendant is in violation of an Order (doc. 10) dated March 23, 2021, directing him to file an Amended Answer correcting several enumerated defects in a previous filing that was liberally construed as an Answer (doc. 8) to the Complaint. Specifically, the March 23 Order indicated that the Answer failed to include the caption of the case, did not state defendant's defenses in numbered paragraphs, lacked the necessary paragraph-by-paragraph admissions and denials, and failed to include his address, e-mail and telephone number. On that basis, the March 23 Order instructed defendant to file an Amended Answer conforming to the requirements of that Order on or before April 6, 2021, and cautioned that "[s]hould Norris fail to file such an amended pleading in a timely manner, he may be deemed in default upon motion by plaintiff." (Doc 10, PageID.39.) Although defendant never attempted to file such an amended pleading, plaintiff opted to pursue a motion for summary judgment in lieu of initiating default proceedings against defendant. In any event, the salient point is that defendant has never responded and has never expressed any intention of contesting plaintiff's claims or defending himself in these proceedings.

Hancock's favor, and that Norris had further defaulted on a line of credit extended to him by Hancock pursuant to a written agreement. To date, Norris has identified no defenses to either claim, no evidence that he was in compliance with the terms of the subject agreements, and no factual or legal arguments that Hancock is not entitled to enforce those agreements against him.[2]

The relevant facts for Hancock's claims are undisputed and are clearly set forth in plaintiff's summary judgment exhibits. On or about September 25, 2018, Norris executed a Promissory Note in the amount of $260,000 in favor of Hancock. (Buntin Decl. (doc. 11-2), ¶ 8, PageID.54.)[3] In the Promissory Note, Norris promised to pay the principal amount plus interest at a designated variable interest rate beginning at 5.5%, an annual fee, and any late charges. Specifically, Norris agreed to pay regular monthly payments of all accrued unpaid interest due as of each payment date, with one payment of all outstanding principal plus all accrued unpaid interest on August 8, 2021. (Doc. 11-1, PageID.49.) Norris further agreed that failure to make any payment when due under the Note would constitute a default, and that upon such a default "the entire unpaid principal balance under this Note and all accrued unpaid interest shall become immediately due, without notice, declaration or other action by [Hancock], and then [Norris] will pay that amount." (*Id.*, PageID.49-50.) Norris defaulted under the terms of the Promissory Note, at which time Hancock accelerated the indebtedness in accordance with the terms of the Note. (Buntin Decl., ¶ 9, PageID.54.)

Because of Norris's default, the entire $260,000 principal balance became due and owing immediately. As noted, the Promissory Note also contained provisions requiring Norris to pay

---

[2] Although the subject claims sound under Alabama law, federal subject-matter jurisdiction is properly invoked pursuant to the diversity provisions of 28 U.S.C. § 1332. In particular, the well-pleaded, uncontested allegations of the Complaint reflect that there is complete diversity of citizenship of the parties (with Hancock being a bank organized under the laws of Mississippi with its principal place of business in Mississippi, and Norris being a citizen of Alabama) and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs (inasmuch as the principal balance on the promissory note is alleged to be $260,000 plus accrued interest, late charges and annual fees, and the outstanding amount due on the credit card debt). As such, federal jurisdiction properly lies over this matter.

[3] The Promissory Note itself is dated August 8, 2016. (Doc. 11-1, PageID.49.) However, the Declaration of Richard D. Buntin, Vice President of Hancock's Special-Assets Department, fixes the date of Norris's execution of the Promissory Note as being September 25, 2018. Plaintiff does not attempt to explain the discrepancy, which in any event does not appear to be material to the issues presented on summary judgment.

interest, an annual fee, and late charges. Hancock's evidence fixes those amounts at $9,830.89 in unpaid interest as of May 3, 2021; $794.51 in late fees; and an annual fee of $650. (Buntin Decl., ¶ 10, PageID.54; doc. 43, ¶ 6, PageID.43.)[4]

In addition to the Promissory Note, this litigation also concerns a Credit Card Agreement executed by Norris in Hancock's favor on August 19, 2016. (Doc. 11-3, PageID.56-57.) Plaintiff's uncontroverted evidence shows that Norris defaulted on the line of credit established by that Credit Card Agreement, with an outstanding balance due of $843.79. (Doc. 11-2, ¶¶ 12-13, PageID.55.)

Notably, the Promissory Note included provisions requiring Norris to pay Hancock's reasonable attorney's fees and expenses incurred in enforcing those agreements and collecting amounts owed thereunder.[5] To that end, Hancock has submitted detailed evidence showing that it has incurred attorney's fees in the amount of $1,942.50 and expenses in the amount of $567.40 in pursuing enforcement and collection activities against Norris for the underlying indebtedness in the Promissory Note. (Doc. 11-4, PageID.58-71.) Hancock also seeks to collect those amounts from Norris in these proceedings.

## II.     Summary Judgment Standard.

Summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Fed.R.Civ.P. The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has satisfied its responsibility, the burden shifts to the non-movant to

---

[4]     The interest calculation also includes a *per diem* accrual of $37.92. Thus, in the 42 days following Hancock's filing of its Motion for Summary Judgment, additional interest charges have accrued in the amount of $1,592.64 ($37.92/day x 42 days), for a total interest component of **$11,423.53** ($9,830.89 + $1,592.64).

[5]     Specifically, the Promissory Note provided that if Hancock "hire[d] or pa[id] someone else to help collect this Note," then Norris "will pay [Hancock] that amount," including Hancock's "attorneys' fees and … legal expenses." (Doc. 11-1, PageID.50.) Plaintiff represents that the Credit Card Agreement contained a similar provision; however, Hancock has failed to submit a legible copy of that Agreement that would enable the Court to determine whether it does or does not include language shifting reasonable costs of collection to Norris.

show the existence of a genuine issue of material fact. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted). "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992) (internal citations and quotations omitted). "Summary judgment is justified only for those cases devoid of any need for factual determinations." *Offshore Aviation v. Transcon Lines, Inc.*, 831 F.2d 1013, 1016 (11th Cir. 1987) (citation omitted).

As noted, defendant, Kenneth L. Norris, elected not to file a response in opposition to plaintiff's Motion for Summary Judgment. "Summary judgment is not automatically granted by virtue of a non-movant's silence." *Williams v. Aircraft Workers Worldwide, Inc.*, 832 F. Supp.2d 1347, 1352 (S.D. Ala. 2011). "Even in an unopposed motion [for summary judgment], … the movant is not absolve[d] … of the burden of showing that it is entitled to judgment as a matter of law." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citations and internal quotation marks omitted); *see also United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, FL*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion … [and] ensure that the motion itself is supported by evidentiary materials."); Commentary to 2010 Amendments to Fed.R.Civ.P. 56(e) ("summary judgment cannot be granted by default even if there is a complete failure to respond to the motion"). That said, where (as here) a nonmovant "fails to properly address another party's assertion of fact," the court is authorized to "consider the fact undisputed for purposes of the motion" and to "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Rule 56(e)(2)-(3), Fed.R.Civ.P.

Moreover, a court confronting the circumstance of an unopposed summary judgment motion is under no obligation to read minds and ordinarily will not construct arguments or

-4-

theories that a party has failed to raise.[6]  As such, Norris's election not to proffer argument, evidence or authority in response to Hancock's Rule 56 Motion is at his peril.  His failure to provide facts or law developing a basis for any argument that these agreements are not enforceable against him or that he is not in breach of same will not be remedied by this Court unilaterally "filling in the blanks" on his behalf and considering arguments that could have been (but were not) presented during the briefing process.[7]

### III.   Analysis.

"The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Dupree v. PeoplesSouth Bank*, 308 So.3d 484, 490 (Ala. 2020) (citations omitted).  "A promissory note is a form of contract; therefore, it must be construed under general contract principles."  *Bockman v. WCH, LLC*, 943 So.2d 789, 795 (Ala. 2006).[8]  The undisputed record evidence confirms that Hancock has established each of the

---

[6]  *See, e.g., Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) ("Our adversarial system requires it; district courts cannot concoct or resurrect arguments neither made nor advanced by the parties."); *Case v. Eslinger*, 555 F.3d 1317, 1329 (11th Cir. 2009) (noting that a litigant "cannot readily complain about the entry of a summary judgment order that did not consider an argument they chose not to develop for the district court at the time of the summary judgment motions") (citation omitted).

[7]  *See, e.g., Day v. McDonough*, 547 U.S. 198, 205, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006) (recognizing that district courts are under no obligation to raise non-jurisdictional defenses *sua sponte*); *Reaves v. Secretary, Florida Dep't of Corrections*, 872 F.3d 1137, 1149 (11th Cir. 2017) ("That federal courts can take notice of [the law] does not mean that a party … need not cite it to the court or present argument based upon it, or that federal courts must scour the law … for possible arguments a [party] might have made.") (citation omitted); *Vision Bank v. Merritt*, 2010 WL 5474161, *4 (S.D. Ala. Dec. 8, 2010) ("If Merritt wishes to pursue such a legal theory, it is incumbent on him to perform the necessary research and develop that argument, rather than stating it in the vaguest of outlines and expecting this Court to fill in the gaps."); *Haasbroek v. Princess Cruise Lines, Ltd.*, 286 F. Supp.3d 1352, 1357 n.4 (S.D. Fla. 2017) ("a party who aspires to oppose a … motion must spell out his arguments squarely and distinctly, or else forever hold his peace") (citations omitted); *Minemyer v. B–Roc Representatives, Inc.*, 695 F. Supp.2d 797, 809 (N.D. Ill. 2009) ("[T]his is an adversarial system. It is not a court's task to research legal arguments on a party's behalf.").

[8]  The Court applies Alabama law because the Promissory Note provides on its face that "[t]his Note will be governed by … the laws of the State of Alabama without regard to its conflicts of law provisions.  This Note has been accepted by Lender in the State of Alabama." (Continued)

elements as to both of the subject contracts. Indeed, on this record there is no discernable basis for challenging the validity and enforceability of either the Promissory Note or the Credit Card Agreement. Hancock has presented uncontroverted evidence that it fully performed under both contracts, and that Norris defaulted on his obligations under both contracts.[9] And of course plaintiff has come forward with considerable undisputed evidence documenting its contract damages, including unpaid principal, accrued interest, late charges and annual fees.

In short, the undisputed record evidence establishes that plaintiff has met all elements of an Alabama claim for breach of contract as to both the Promissory Note and the Credit Card Agreement. Accordingly, plaintiff's Motion for Summary Judgment is **granted** as to both Count One and Count Two. For Count One, plaintiff will be awarded contract damages, including unpaid principal (**$260,000.00**), accrued interest (**$11,423.53**), late charges (**$794.51**) and annual fee (**$650.00**). For Count Two, plaintiff will be awarded contract damages in the amount of **$843.79**.

In addition to the above-described forms of damages, Hancock seeks an award of attorney's fees and expenses. "Alabama follows the American rule, whereby attorney fees may be recovered if they are provided for by statute or by contract...." *Jones v. Regions Bank*, 25 So.3d 427, 441 (Ala. 2009) (citations omitted); *see also Battle v. City of Birmingham*, 656 So.2d 344, 347 (Ala. 1995) (same). The law is clear that "provisions regarding reasonable attorney's fees are terms of the contracts susceptible to breach." *Army Aviation Center Federal Credit Union v. Poston*, 460 So.2d 139, 141 (Ala. 1984). As noted, the Promissory Note includes a fee-shifting provision entitling Hancock to recover costs of collection, including attorney's fees and

---

(Doc. 11-1, PageID.50.) Even in the absence of such a valid choice-of-law clause, the applicable agreements would be governed by Alabama law because they were made in Alabama. *See generally Cherry, Bekaert & Holland v. Brown*, 582 So.2d 502, 506 (Ala. 1991) ("Alabama follows the principle of 'lex loci contractus,' which states that a contract is governed by the laws of the state where it is made except where the parties have legally contracted with reference to the laws of another jurisdiction.").

[9] In his *pro se* Answer, Norris has acknowledged as much. Specifically, he stated, "I understand my responsibility to this Civil Action and Hancock Bank. … Because of this los[s] I was unable to make payments on this loan. … The [sale] of this house could pay this loan off." (Doc. 8, PageID.31.) Significantly, Norris has made no representations in this action suggesting that he disputes the validity of the contracts, his failure to perform under those contracts, or his liability for nonperformance.

legal expenses, in the event that it hired counsel to enforce or collect on the Note.  By the plain terms of that instrument, then, Hancock is entitled to recover from Norris its reasonable fees and costs incurred in enforcement of the Note.  *See generally Willow Lake Residential Ass'n, Inc. v. Juliano*, 80 So.3d 226, 241 (Ala.Civ.App. 2010) ("Alabama law reads into every agreement allowing for the recovery of attorney's fees a reasonableness limitation.").  Upon examination of plaintiff's evidence concerning the legal services rendered, the rates quoted and the hours expended, the Court readily concludes that Hancock has incurred reasonable attorney's fees in the amount of **$1,942.50** and reasonable costs in the amount of **$567.40**.  Those amounts will be included in the amount of the judgment entered against Norris.

## IV.   Conclusion.

For all of the foregoing reasons, it is **ordered** as follows:

1. Plaintiff's unopposed Motion for Summary Judgment (doc. 11) is **granted** in its entirety;
2. There being no genuine issues of material fact, summary judgment will be entered in favor of plaintiff as to both Count One and Count Two;
3. Judgment will be entered against defendant in the total amount of **$276,221.73**;[10]
4. A separate judgment will enter; and
5. This Order and the accompanying Judgment having resolved all issues joined in these proceedings, the Clerk's Office is **directed** to close this file for statistical and administrative purposes.

DONE and ORDERED this 14th day of June, 2021.

                                                s/ WILLIAM H. STEELE
                                                UNITED STATES DISTRICT JUDGE

---

[10]   That amount consists of unpaid principal (**$260,000.00**), accrued interest (**$11,423.53**), late charges (**$794.51**), annual fee (**$650.00**), contract damages on Count Two (**$843.79**), reasonable attorney's fees (**$1,942.50**) and reasonable costs (**$567.40**).