IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HANCOCK WHITNEY BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 21-0015-WS-B |
| | ) |
| KENNETH L. NORRIS, etc., | ) |
| | ) |
| Defendant. | ) |

# ORDER

Non-party Edgefield Holdings, LLC ("Edgefield") has filed a motion for substitution as party plaintiff. (Doc. 16). The grounds of the motion are that the plaintiff has assigned the judgment entered in its favor in this action, (Doc. 14), to Edgefield. Edgefield has submitted an assignment of judgment that confirms the transfer of interest. (Doc. 16 at 5-6). The parties were afforded the opportunity to respond, (Doc. 18), and neither did so.

Edgefield relies on Rule 25(c), which provides that, "[i]f an interest is transferred, the action *may be continued* by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c) (emphasis added). As the highlighted phrase suggests, "Rule 25(c) applies only to transfers of interest occurring during the pendency of litigation." *Andrews v. Lakeshore Rehabilitation Hospital*, 140 F.3d 1405, 1407 (11th Cir. 1998). This action was closed after entry of final judgment in June 2021, and the transfer of interest in the judgment occurred subsequently, in September 2021. (Doc. 16 at 6).

Several appellate courts have upheld substitutions under Rule 25(c) even after entry of final judgment. Some of these courts have not attempted to square post-judgment substitutions with the language of Rule 25(c), but the Seventh

Circuit has concluded that a post-judgment contempt proceeding against a non-defendant was one to enforce the previous judgment, such that the underlying case "is therefore pending again" for purposes of Rule 25(c). *Panther Pumps & Equipment Co. v. Hydrocraft, Inc.*, 566 F.2d 8, 23 (7th Cir. 1977); *accord Rodríguez-Miranda v. Benin*, 829 F.3d 29, 41 (1st Cir. 2016).  Edgefield offers as the rule that post-judgment substitution may be permitted in order to enforce a judgment.  (Doc. 16 at 2).

In some cases, the post-judgment substitution was based on a pre-judgment transfer of interest.  *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3rd Cir. 1993); *Arnold Graphics Industries, Inc. v. Independent Agent Center, Inc.*, 775 F.2d 38, 39-40 (2nd Cir. 1985).  In others, however, substitution was permitted based on a post-judgment transfer of interest.  *Panther Pumps*, 566 F.3d at 11-12[1]; *see also Rodríguez-Miranda*, 829 F.3d at 41 (even if the transfer of interest occurred after judgment was entered, substitution under Rule 25(c) was permissible).

The common thread among these cases is that the transfer of interest was a transfer of assets from a defendant or counterclaim defendant to a non-party, such that the prevailing plaintiff could not obtain the benefit of its judgment absent a post-judgment substitution.  *Rodríguez-Miranda*, 829 F.3d at 32, 34-35 (substitution sought because the principal of the defendant transferred its only significant assets to his mother); *Luxliner*, 13 F.3d at 71 (substitution sought because a non-party "had purchased [the defendant's] assets …, making [the defendant] judgment-proof"); *Arnold Graphics*, 775 F.2d at 39 (substitution sought because the defendant had been *de facto* merged into a non-party); *Panther Pumps*, 566 F.2d at 27-28 (substitution sought because a non-party purchased the defendant's stock and drained off its only significant asset); *Greater Potater Harborplace, Inc. v. Jenkins*, 1991 WL 89830 at *1 (4th Cir. 1991) (substitution

---

[1] The scheme to transfer was hatched shortly before judgment was entered but was not carried out until afterwards.  566 F.2d at 11-12, 27-28.

sought because the defendant's owners "were concealing its assets by transferring them to newly created sister corporations").

This case, unlike those discussed above, involves a post-judgment motion to substitute the plaintiff, based on a post-judgment transfer of the judgment to the movant. Edgefield relies on *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150 (6th Cir. 1992), but in that case the transfer of interest, the motion to substitute, and the granting of the motion all occurred before judgment was entered. *Id*. at 151, 153.

The only case identified by Edgefield as addressing a post-judgment motion to substitute the plaintiff due to a transfer of the judgment to a non-party is *Vision Bank v. Algernon Land Co.*, 2012 WL 827011 (S.D. Ala. 2012). Almost all the cases on which the *Vision Bank* Court relied involved post-judgment substitutions of the defendant. The only one that involved post-judgment substitution of a plaintiff is *Air Line Pilots Association International v. Texas International Airlines, Inc.*, 567 F. Supp. 78 (S.D. Tex. 1983), the facts of which are easily distinguishable.

In *Air Line Pilots*, the plaintiff was, at the inception of litigation, the certified bargaining representative for the defendant's flight attendants. *Id*. at 81. During the litigation, the defendant merged with another airline (October 1982), and a different union was certified by the National Mediation Board as the exclusive bargaining representative for the flight attendants of the newly merged carrier (January 1983). *Id*. The transfer of interest thus occurred prior to the April 1983 judgment (an order compelling arbitration before the System Board of Adjustment). *Id*. at 79. *Air Line Pilots* thus does not stand for the proposition that a post-judgment transfer of interest in the judgment supports substitution under Rule 15(c).

Moreover, the *Vision Bank* Court repeatedly noted that post-judgment substitution is appropriate when it is "necessary" for purposes of enforcing the judgment. 2012 WL 827011 at *1 (citing *Luxliner*); *id*. at *2 (quoting *Greater*

*Potater*); *id*. at *2 (quoting a leading treatise). That standard is consistent with the appellate cases discussed above, where the defendant's transfer of assets rendered substitution of the transferee a necessary step in enforcing the judgment. It is also consistent with *Air Line Pilots*, which noted the "necessary" standard and assumed that substitution would be necessary in order to permit the non-party union to appear at arbitration before the System Board of Adjustment. 567 F. Supp. at 81.

This case, in contrast, involves only execution on a simple money judgment, and Edgefield has made no showing that substitution is necessary before it can satisfy the judgment. On the contrary, Rule 69(a)(2) expressly provides that either the judgment creditor "or a successor in interest whose interest appears of record" may obtain post-judgment discovery. *Cf. FDIC v. SLE, Inc.*, 722 F.3d 264, 268 (5th Cir. 2013) ("Rule 25(c) includes permissive language, and does not require transferees to substitute in an action.").[2]

Substitution decisions under Rule 25(c) are committed to the discretion of the Court. *Asociacion de Empleados del Area Canalera v. Panama Canal Commission*, 453 F.3d 1309, 1313 (11th Cir. 2006); *Virgo v. Riviera Beach Associates, Ltd*., 30 F.3d 1350, 1357-58 (11th Cir. 1994). Because Edgefield has failed to show that its execution on the judgment is precluded, hindered or even inconvenienced absent substitution, its motion for substitution as party plaintiff is **denied**, without prejudice to its ability to seek such relief in the future.

DONE and ORDERED this 18th day of March, 2022.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] *SLE* involved the transferee of a judgment entered in favor of the plaintiff. 722 F.3d at 266.